# EXHIBIT A

**U.S. Merit Systems Protection Board:**
**Frequently Asked Questions about the Lack of Quorum Period and**
**Restoration of the Full Board**
**UPDATED: November 14, 2025**

**1. How are the 3 Board members appointed?**

All Board members must be nominated by the President and confirmed by the Senate. Designation as Chairman is a separate nomination by the President which requires confirmation by the Senate. The President can designate a Vice Chairman with no additional Senate action required. In the absence of a confirmed Chairman, the Vice Chairman serves as the Acting Chairman. The Board members serve 7-year staggered terms, and the terms continue to run and restart even if there is no incumbent. *See* 5 U.S.C. §§ 1201 and 1202; 5 C.F.R. § 1200.2.

**2. What is the current status of the Board?**

The Board currently has two members. Henry J. Kerner was sworn into his duties as a member of the Board on June 3, 2024. He was designated Vice Chairman by President Trump on February 11, 2025, and is currently the Board's Acting Chairman. James J. Woodruff II was sworn into his duties as Member of the Board on October 28, 2025.

The Board's quorum is currently intact, and it continues its mission-critical work.

**3. What was the 2017-2022 lack of quorum period?**

Between January 7, 2017, and March 3, 2022, the Board did not have a quorum of members and therefore could not vote on any petitions for review. The quorum was restored on March 4, 2022, when Raymond Limon and Tristan Leavitt were sworn into their duties as members of the Board. Cathy Harris was sworn into her duties as a member of the Board on June 1, 2022, and sworn into her duties as Chairman of the Board on March 14, 2024. She served as Chairman between March 14, 2024, and March 4, 2025, and served as Member between March 4 and 28, 2025, and between April 7 and 9, 2025.

Member Leavitt departed the Board following the expiration of his statutory term on February 28, 2023. Member Limon retired from the Board on February 28, 2025, upon the expiration of his statutory term.

**4. What was the impact of the 2017-2022 lack of quorum?**

The Board was unable to issue final decisions on petitions for review and other cases requiring Board vote between January 7, 2017, and March 3, 2022. *See generally* 5 U.S.C. § 1204(a); 5 C.F.R. § 1200.3. General information about the

number of petitions for review pending as of time the quorum was restored is available in the e-FOIA Reading Room of MSPB's website.

5. **How did the Board handle the inventory of cases that developed during the 2017-2022 lack of quorum?**

Between March 4, 2022, and April 9, 2025, the Board issued 4,862 final decisions on petitions for review and other cases pending before it.  The newly reconstituted Board in 2022 inherited a case inventory at headquarters of approximately 3,800 cases.  The Board began issuing decisions quickly after the quorum was restored and focused initially on issuing a range of decisions in cases that, in its discretion, the Board deemed most critical, including precedential decisions or decisions that otherwise could affect many pending cases; decisions dismissing cases as settled; and many of the oldest cases then pending.

The Board issued decisions in all but 9 of these inventory cases between March 4, 2022, and April 9, 2025.  Information about the Board's progress in deciding cases at the headquarters level and reducing the inherited inventory is available in the Board's e-FOIA Reading Room.  Information about the Board's progress by fiscal year is available in the FY 2023 Annual Report and the forthcoming FY 2024 Annual Report.

6. **What was the 2025 lack of quorum period?**

Between April 10, 2025, and October 27, 2025, the Board had only one member (Acting Chairman Kerner), and during that time could not issue final decisions on petitions for review and other cases requiring Board vote.  The Board's quorum was restored when Member Woodruff was sworn in on October 28, 2025.

7. **Could administrative judges (AJs) issue initial decisions when there was a lack of Board quorum or Board members?**

Yes, AJs continued to issue initial decisions during the 2017-2022 and 2025 lack of quorum periods, pursuant to longstanding delegated authority.  If neither party filed a petition for review to the MSPB, the AJ's decision became the final decision of the Board, which could then be appealed to an appropriate court or tribunal. *See* 5 U.S.C. § 7703.  If either party filed a petition for review while MSPB lacked a quorum, a Board decision could not be issued until a quorum of at least two Board members was restored.

8. **Could the Board issue decisions on petitions for review during the 2017-2022 and 2025 lack of quorum periods?**

No.  Petitions for review that were pending or received during these periods, and for which the voting process was not completed before the Board lost its quorum, could not be issued until a quorum was restored.  The Office of the Clerk of the

Board acknowledged such petitions for review and received and processed them according to current Board procedures. As explained above, the Board has since issued decisions on nearly all of the petitions that accumulated during the 2017-2022 lack of quorum period. The 2025 lack of quorum period was relatively brief and did not result in an excessive inventory of petitions for review.

### 9. Can the Board issue decisions on requests to withdraw petitions for review without a quorum?

Yes. Pursuant to the June 28, 2022 *Policy Regarding Clerk's Authority to Grant Requests to Withdraw Petitions for Review* (and its predecessor policy dated May 11, 2018), and the Board's 2011 Manual on Organization Functions and Delegations of Authority, the Clerk of the Board may exercise her delegated adjudicatory authority to "grant a withdrawal of a petition for review when requested by a petitioner."

### 10. How were appellants advised of their administrative appellate review or judicial options during the period in which there were no sitting Board members (March 1, 2019, through March 3, 2022)?

A party's administrative and/or judicial appeal rights continued to be listed at the end of every initial decision. If the appellant, the agency, or both filed a petition for review, it was acknowledged and processed by the Board, as explained above. The petition for review filing deadlines were ***not*** tolled (i.e., stopped) during any lack of quorum. This means that parties to a case who wished to file a petition for review must have done so within 35 days of issuance of the initial decision, as required by the Board's adjudicatory regulations at 5 C.F.R. § 1201.114. However, the Board could not issue a decision until a quorum was restored by the nomination and confirmation of at least two Board members (which occurred on March 4, 2022).

If neither party to a case filed a petition for review, the AJ's initial decision became the final decision of the Board. An appellant could choose to exercise his or her review rights, which may include an appeal to the U.S. Court of Appeals for the Federal Circuit, U.S. District Court, an appropriate circuit court of appeal, or the Equal Employment Opportunity Commission, depending on the type of appeal and claims raised. *See* 5 U.S.C. § 7703.

The parties were informed of the Board's lack of a quorum in initial decisions, and in acknowledgment notices issued by the Office of the Clerk of the Board. If either party, or both parties, filed a petition for review with the Board, they were again informed of the lack of a quorum.

### 11. Is there a point of contact for other questions?

4

For further information, please contact the Office of the Clerk of the Board via email to mspb@mspb.gov or via phone at 202-653-7200. Additional information about the Board's organizational structure can be found on the website at www.mspb.gov, in its agency plans and annual reports, and in its current Organization Functions and Delegations of Authority.