**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT COLUMBIA**

| | |
|---|---|
| MICHAEL M. GORDON, PATRICIA A. HARTMAN, and JOSEPH W. TIRRELL,<br><br>*Plaintiffs*,<br><br>*v.*<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, PAMELA J. BONDI, in her official capacity as Attorney General, DEPARTMENT OF JUSTICE, and UNITED STATES OF AMERICA,<br><br>*Defendants*. | No. 1:25-cv-02409-JMC |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION**

On November 11, 2026, the D.C. Circuit issued the attached decision in *Abramowitz v. Lake*, No. 25-5314, slip op. (D.C. Cir. 2026). In that case, as here, defendants "removed [a federal employee] in violation of [statutory protections]" and, as here, "offer a single defense: that the removal procedures in [the statute] 'violate Article II.'" *Id.* at 15. Abromowitz challenged his termination in federal court and, as here, the defendants argued the court lacked jurisdiction on the grounds that the Civil Service Reform Act (CSRA) implicitly vested exclusive jurisdiction in the Merit Systems Protection Board (MSPB). *See id*. at 5-7.

As relevant to the pending motion in this case, the Court of Appeals stated, "We are especially wary of overreading the CSRA's preclusive scope given that the exclusivity of its administrative remedies is not expressly guaranteed." *Id*. at 12. Further, the Court of Appeals concluded:

> Abramowitz's suit plainly lies outside of the MSPB's substantive expertise. Agencies have no "distinctive knowledge" to apply to "[c]laims that tenure

> protections violate Article II." *Axon*, 598 U.S. at 186, 194. That is the sole merits issue in Abramowitz's suit. Since Abramowitz's claim is not "intertwined with or embedded in matters on which the [MSPB is] expert," *id.* at 195, we have no substantive reason to infer that Congress intended to channel his claim through the agency.
>
> In sum, the *Thunder Basin* analysis confirms what the statute itself makes clear: that Congress had no reason to channel Abramowitz's claim through the CSRA, and every reason not to.

*Id*. at 14.

Respectfully submitted,


/s/ Abbe David Lowell
Abbe David Lowell (DDC No. 358651)
David A. Kolansky (DDC No. 7680722)
Isabella M. Oishi (DDC No. 7680428)
LOWELL & ASSOCIATES, PLLC
1250 H Street, N.W., Suite 250
Washington, D.C. 20005
T: (202) 964-6110
F: (202) 964-6116
ALowellpublicoutreach@lowellandassocates.com
DKolansky@lowellandassociates.com
IOishi@lowellandassociates.com

/s/ Heidi R. Burakiewicz
Heidi R. Burakiewicz (DDC No. 476973)
BURAKIEWICZ & DEPRIEST, PLLC
1120 Connecticut Avenue, N.W., Suite 600
Washington, D.C. 20036
T: (202) 856-7500
HBurakiewicz@bdlawdc.com

/s/ Mark S. Zaid
Mark S. Zaid (DDC No. 440532)
Bradley P. Moss (DDC No. 975905)
LAW OFFICES OF MARK S. ZAID, P.C.
1250 Connecticut Avenue, N.W., Suite 700
Washington, D.C. 20036
T: (202) 498-0011
Mark@markzaid.com
brad@markzaid.com

/s/ Harold Craig Becker
Harold Craig Becker (DDC No. 371239)
Norman L. Eisen (DDC No. 435051)
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue, SE# 15180
Washington, D.C. 20003
T: (202) 594-9958
craig@democracydefenders.org
norman@democracydefenders.org

*Counsel for Plaintiffs*